IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-cv-940

NEW IMAGITAS, INC., d/b/a RED VENTURES,

    Plaintiff,

v.

ALDER HOLDINGS, LLC,

    Defendant.

**COMPLAINT**

Plaintiff, New Imagitas, Inc. (d/b/a Red Ventures) ("Plaintiff" or "RV"), by and through its undersigned counsel, alleges upon the following against Defendant Alder Holdings, LLC ("Defendant" or "Alder").

## PARTIES

1. RV is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in South Carolina.

2. Alder is a privately owned and operated limited liability company organized and existing under the laws of the State of Utah, with its principal place of business in Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiff is a citizen of North Carolina and South Carolina for diversity purposes and upon information and belief after reasonable investigation, none of the members of the Defendant is citizen of the same states of Plaintiff for diversity purposes.

4. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

5. RV is a portfolio of business that streamlines digital experiences and helps customers make informed decisions about a variety of digital products and services, as well as providing services to businesses to enable them to send relevant offers to their targeted customer base.

6. Alder is a nationwide company that sells and services security, home automation and life safety services.

7. On or about December 19, 2019, RV, together with its affiliated companies, and Alder entered into a Marketing Affiliate Program Agreement (the "Program Agreement"), as amended by the First Amendment to the Program Agreement, dated November 11, 2021 (the "First Amendment", and together with the Program Agreement, the "Agreement"), whereby RV agreed, through its various websites (the "Websites"), to generate customer referrals on Alder's behalf. Pursuant to the Agreement, to the extent a potential customer contacted Alder through a link or phone number on a Website and such contact resulted in the sale of a home security system (a "Customer Referral"), Alder is required to pay RV a commission. *A copy of the Agreement is attached hereto as **Exhibit A**.*

8. Attached to, and made a part of, the Agreement is an insertion order executed by RV and Alder on or about December 19, 2019 ("Insertion Order"). The initial Insertion Order sets forth a commission schedule ("Commission Schedule") used to determine the commission earned by RV due to a Customer Referral. The Agreement contemplates additional insertion orders being executed by RV and Alder from time to time. *See **Exhibit A**.*

9. Pursuant to the Agreement, RV and Alder executed an amended and restated insertion order with an effective date of June 1, 2020 (the "Amended and Restated Insertion Order") with a revised Commission Schedule. The Amended and Restated Insertion Order was in writing and signed by both RV and Alder and is made a part of the Agreement. No additional insertion orders have been executed by RV and Alder. *A copy of the Amended and Restated Insertion Order is attached hereto as **Exhibit B***.

10. The First Amendment amended the description of what triggered Alder's obligation to pay a commission to RV under the Agreement to state that the obligation arises with "(i) the execution of a Customer Agreement between Alder and the Customer Referral; and (ii) the (A) installation of an alarm system by the Customer Referral at his/her residence or place of business and (B) Alder's receipt active signal from Customer Referral's system (each, an Installed Customer Account")." *See* **Exhibit A.** The First Amendment also specifically references the Commission Schedule in the Amended and Restated Insertion Order.

11. By email dated November 18, 2022 (the "November 2022 Email"), Alder notified RV that it was changing the Commission Schedule set forth in the Amended and Restated Insertion Order and made a part of the Agreement, and stated in the November 2022 Email that such changes will be implemented as of December 1, 2022. *A copy of the November 2022 Email is attached hereto as **Exhibit C***.

12. Alder unilaterally implemented these changes to the Commission Schedule set forth in the Amended and Restated Insertion Order and made a part of the Agreement, to the detriment of RV, as of December 2022. The unilateral changes to the Commission Schedule violated the terms of the Agreement and were inappropriately implemented by Alder.

13. The Agreement states that amendments to the Agreement, including any and all insertion orders, may only be made "by a document physically signed" by both Alder and RV. *See Section 5.08 of **Exhibit A***.

14. Neither the Agreement nor the Amended and Restated Insertion Order was ever amended to reflect Alder's unilateral changes to the Commission Schedule it dictated in the November 2022 Email. Alder's unilateral changes to the Commission Schedule is in clear violation of the stated process for amending the Agreement and have no effect.

15. RV did not, orally or in writing, ever agree to the changes to the Commission Schedule unilaterally imposed by Alder in the November 2022 Email. In fact, RV communicated to Alder on several occasions that it explicitly rejected these changes to the Commission Schedule.

16. Nonetheless, Alder applied its unilaterally reduced commission schedule to intentionally underpay amounts owed to RV pursuant to the Agreement.

17. By letter dated December 17, 2023 (the "December 2023 Letter"), RV requested that Alder promptly pay the substantial balance of unpaid commissions due for the period of December 2022 through June 2023. *A copy of the December 2023 Letter is attached hereto as **Exhibit D***. RV has calculated that the balance of unpaid commissions due for this period is $142,250.

18. RV also informed Alder in the December 2023 Letter that the underpayment of commissions by Alder continued beyond June 2023 and that RV was in the process of calculating additional unpaid commission amounts due it. The December 2023 Letter states that the aggregate amount of unpaid commissions due for the post June 2023 period would be invoiced to Alder upon the completion of the calculation by RV. *See **Exhibit D***.

19. Prior to July 2023, Alder would provide RV monthly with a payment file detailing revenue owed to RV for Customer Referrals. Upon receipt of the payment file, RV would prepare and send an invoice to Alder for commissions due RV. After June 2023, although RV continued to generate Customer Referrals, Alder failed to furnish RV with any payment files or other information that would enable RV to provide invoices to Alder.

20. Based on data sources that RV has in its possession, RV has calculated that commissions due it from Alder for the period commencing July 2023 through December 2023, total $524,751.33. This amount has been calculated based on the Commission Schedule set forth in the Agreement and the Amended and Restated Insertion Order. RV provided Alder with an invoice for this amount, which remains unpaid. *A copy of this invoice is attached hereto as* **Exhibit E**.

21. RV ceased providing customer leads to Alder in January 2024 due to its continued underpayments and non-payments of commission amounts owed to RV pursuant to the Agreement.

22. Based on the data sources that RV has in its possession, RV has calculated that the cumulative amount of commissions due it from Alder totals $667,001.33.

23. By letter dated October 15, 2024 (the "October 2024 Letter"), RV, through counsel, notified Alder that it was terminating the Agreement, including the Amended and Restated Insertion Order, in accordance with the termination clause in the Agreement. *A copy of the October 2024 Letter is attached hereto as* **Exhibit F**. *See also Section 1 of* **Exhibit A.**

**CAUSE OF ACTION**
**(Breach of Contract)**

24. Plaintiff incorporates the allegations contained in paragraphs 1 through 23 of the Complaint.

25. Defendant entered into the Agreement with Plaintiff pursuant to which Plaintiff agreed to act on behalf of Defendant to generate Customer Referrals in exchange for commissions, as calculated pursuant to the Commission Schedule set forth in the Agreement and the Amended and Restated Insertion Order.

26. Plaintiff provided Customer Referrals to the Defendant pursuant to the Agreement.

27. Defendant has breached its obligation under the Agreement by failing and refusing to pay Plaintiff the commissions due in accordance with the Commission Schedule set forth in the Agreement and the Amended and Restated Insertion Order.

28. The acts of the Defendant are breaches of its expressed contract to pay Plaintiff commissions due in accordance with the Commission Schedule set forth in the Agreement and the Amended and Restated Insertion Order.

29. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be determined at trial (but no less than $667,001.33) plus late fees and interest.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant (i) awarding Plaintiff an amount to be determined at trial (but no less than $667,001.33), plus late fees and interest, and (ii) awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: October 24, 2024

        Respectfully Submitted,

        **MOORE & VAN ALLEN PLLC**

By:    */s/ Emily S. Carney*
        Emily S. Carney
        N.C. Bar No. 55001
        Moore & Van Allen, PLLC
        100 North Tryon Street, Suite 4700
        Charlotte, NC 28202
        Telephone:    (704) 331-1056
        Fax:    (704) 331-1159
        emilycarney@mvalaw.com

        *Local Counsel for Plaintiff New Imagitas, Inc.*


        Michelle J. d'Arcambal (*pro hac vice forthcoming*)
        d'Arcambal Ousley & Cuyler Burk LLP
        40 Fulton Street, Suite 1501
        New York, NY 10038
        Telephone:    (212) 971-3175
        Fax:    (212) 971-3176
        mdarcambal@darcambal.com

        *Counsel for Plaintiff New Imagitas, Inc.*