# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Case No.: 3:24 CV 940-FDW-SCR

**NEW IMAGITAS INC., dba RED VENTURES,**

    **Plaintiff,**

    v.

**ALDER HOLDINGS, LLC,**

    **Defendant.**

**JOINT DISCOVERY PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(5) and the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED that a party or non-party disclosing or producing information, documents, or things in this matter (the "producing party") may designate such information, documents or things as "Confidential" under the following terms and conditions:[1]

1. Any document, information, or thing may be designated as Confidential in this case if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. A producing party may designate any document or other tangible information or

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Federal Rule of Civil Procedure 34 and shall include every writing and recording within the meaning given those terms in Federal Rule of Evidence 1001.

thing as Confidential by stamping some conspicuous place thereof with the legend CONFIDENTIAL. For example, in the case of a document, a producing party may so mark the first page of a multi-page document or each applicable page. If a document is marked confidential on the first page, it will be understood that the entire document is confidential. If only subsequent pages are marked as confidential, the designation will be valid only for the marked pages. In the case of other tangible items, a producing party may so mark any appropriate location. For example, in the case of a computer disk, a producing party may so mark the disk cover.

3. A non-producing party may also designate as Confidential any document, information, or thing produced during the course of this matter. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated. A non-producing party shall notify the other parties as soon as reasonably possible of its intention to designate information or documents as confidential, and in any case shall designate the information as confidential within seven weeks of the first disclosure of the information.

4. A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this lawsuit as Confidential on the record during the deposition.

> (a) If a party designates such materials as Confidential on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes Confidential information, shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing Confidential and non-Confidential material. Further, during the period in which

such Confidential information is discussed during the deposition, any person present during the deposition who is not a Qualified Person, as defined below, the court reporter, or an authorized representative of the producing party shall be excluded from that portion of the deposition.

5. A non-producing party may designate documents, information, or things disclosed at a deposition as Confidential in the same manner as a producing party. A non-producing party shall notify the other parties during the deposition of its intent to designate the information as confidential. If the non-producing party is not present or represented at the deposition, the party shall notify the other parties as soon as reasonably possible of its intention to designate information or documents as confidential, and in any case shall designate the information as confidential within seven weeks of the first disclosure of the information.

6. The burden of proving that a designation is proper shall be on the party making the designation. Should any party object in writing to a designation of any information, documents, or things as Confidential, the parties and/or the producing party shall attempt to resolve such objection in good faith on an expedited and informal basis. If the objection is not thereby resolved, the designating party may within seven (7) days after receiving written notice from the party objecting to the designation apply for a ruling from the Court to determine whether the materials in question are properly designated. Until the Court makes such determination, all material designated as Confidential shall be treated as such. If the producing party fails apply for such a ruling within the seven (7) day period, the materials designated as Confidential shall no longer be treated as such. No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

7. Except as otherwise provided in this Order, all information, documents, or things designated or considered as Confidential produced, exchanged, or inspected in the course of this lawsuit shall be used solely for the purposes of this litigation and disclosure thereof shall be solely for the purpose of resolving disputes between the parties.

8. All documents, information, or things designated or considered as Confidential shall be made available only to the following Qualified Persons:

    (a) the parties to the lawsuit, and the owners and employees of such parties, if any;

    (b) counsel of record in this action, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this lawsuit;

    (c) the person producing such materials;

    (d) the person who is the proprietor or source of such materials;

    (e) consulting or testifying experts retained by the parties as long as those experts agree in writing to be bound by the terms of this Order;

    (f) Mediators employed by the parties to assist in resolving the disputes between the parties, and employees of any mediators, and

    (g) the Court and its employees and personnel.

9. Materials designated or considered as Confidential shall not be made available to persons other than those enumerated in paragraph 8 even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits; the Confidential information must be removed before the remaining materials may be made available to those other persons.

10. A producing party may in good faith designate documents "Confidential-Attorneys' Eyes Only," in which case the materials designated or considered Confidential—Attorneys' Eyes Only, shall not be made available to the persons identified in subparagraph 8(a).

    (a) The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.

    (b) The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

11. Nothing in this Order shall preclude any party to the lawsuit or their attorneys from:

    (a) Showing materials designated or considered as Confidential to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

(b) Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as Confidential.

(c) Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than a party in this lawsuit or to which a party has a right of access from a third-party independent of discovery or subpoena.

(d) Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise or is already rightfully in the possession of the receiving party at the time of production.

(e) Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter.

12. If any party is served with a subpoena or similar process, from any entity is or requested by any governmental entity to supply any documents marked or considered as Confidential, that party shall immediately notify other parties to this lawsuit. No party shall produce any confidential information until 10 days after service of notice of the subpoena or other process is made on the other parties and shall not produce any documents if any other party files a motion to quash or protect the documents from production within that time and until after that motion is heard by the Court.

13. Any party to this Stipulated Protective Order may, for good cause shown, move the Court for relief from all or any part of this Stipulated Protective Order or for a modification of its provisions. This Stipulated Protective Order shall be binding upon all parties to this Stipulated Protective Order and upon the persons identified herein until modified.

14. The terms of this Stipulated Protective Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as Confidential that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

15. After this case is concluded, all parties shall return to the producing party all confidential documents that were produced or verify in writing that those documents and all copies have been destroyed.

16. Any violation of this Stipulated Protective Order shall be treated as contempt and sanctionable by the Court in accordance with Federal Rule of Civil Procedure 37(b).

**SO ORDERED**.   Signed: January 22, 2025

_____
Susan C. Rodriguez
United States Magistrate Judge

*/s/ Lawrence Wooden*
Lawrence Wooden
*Local Counsel for Defendant*

*/s/Zachary T. Hadley*
Zachary T. Hadley
*Attorney appearing pro hac vice for Defendant*

*/s/ Emily S. Carney*
Emily S. Carney
*Local Counsel for Plaintiff*
(signed with permission given via email on January 17, 2025)

*/s/ Michelle d'Arcambal*
Michelle d'Arcambal
*Attorney for Plaintiff*
(signed with permission given via email on January 17, 2025)